FILED

MAR 16 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 19-50335 |
| Plaintiff-Appellee, | D.C. No. 2:14-cr-00329-ODW-1 |
| v. | Central District of California, Los Angeles |
| ROBERT A. GLAZER, M.D., | |
| Defendant-Appellant. | ORDER |

Before: GOULD, OWENS, and VANDYKE, Circuit Judges.

Defendant-Appellant's unopposed motion to file an unredacted petition for rehearing under seal and file redacted version publicly is **GRANTED.**

Defendant-Appellant's unopposed motion for disclosure of sealed petition for rehearing and protective order is **GRANTED.** Defendant-Appellant shall provide copies of the sealed petition for rehearing directly to government counsel designated by the Department of Justice to handle the appeal. The sealed petition for rehearing shall be deemed confidential. The sealed petition for rehearing may be used only for purposes of litigating this appeal by government counsel designated by the Department of Justice to handle the appeal and may be disclosed only to Department of Justice attorneys and staff assisting in the appeal. Absent further order of this Court, the sealed petition for rehearing and its contents may not be disclosed to any other person, including, but not limited to, law enforcement

personnel and Department of Justice attorneys assigned to represent the government in the district court. Nothing in this order shall preclude government counsel handling the appeal from sharing or discussing the contents of the publicly available redacted version of the Petition for Rehearing with the Department of Justice attorneys that represented the government in the district court. This order shall continue in effect after the conclusion of the appeal and specifically shall apply in the event of a retrial or resentencing. Defendant-Appellant's disclosure of the sealed petition for rehearing pursuant to this protective order shall not be deemed a waiver of privilege in any subsequent proceeding, and the Department of Justice attorneys that previously represented the government in the district court shall not be restricted from continuing to represent the government in the event of a retrial or resentencing, provided that they are not given access to the sealed petition for rehearing consistent with this protective order.

The Memorandum Disposition filed on February 26, 2021, is withdrawn and replaced with a new Memorandum Disposition filed concurrently with this order. With this order, the panel unanimously votes to deny the petition for panel rehearing. The petition for rehearing is **DENIED**.

Future petitions for rehearing will be permitted under the usual deadlines outlined in Federal Rules of Appellate Procedure 35(c) and 40(a)(1).

FILED

MAR 16 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No.   19-50335 |
| Plaintiff-Appellee, | D.C. No. 2:14-cr-00329-ODW-1 |
| v. | |
| ROBERT A. GLAZER, M.D., | MEMORANDUM* |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Central District of California
Otis D. Wright II, District Judge, Presiding

Argued and Submitted February 5, 2021
Pasadena, California

Before:  GOULD, OWENS, and VANDYKE, Circuit Judges.

Defendant-Appellant Robert Glazer ("Glazer") appeals from his conviction

following a jury trial for conspiracy to commit health care fraud, in violation of 18

U.S.C. § 1349, and twelve counts of health care fraud, in violation of 18 U.S.C.

§ 1347.  Glazer, a medical doctor who operated his own clinic, conspired with

others to fraudulently bill Medicare for services not rendered and for services

---

*        This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

"medically unnecessary" within the meaning of the Medicare regulations. Glazer was sentenced to 120 months' imprisonment and two years of supervised release. We have jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a), and we affirm.

1. Glazer contends that the district court erred by allowing the government to question Glazer and another defense witness about the veracity of other witnesses, and that this error required reversal. The government concedes that the questioning was improper, but it contends that any error was harmless due to strong evidence of guilt. We review for plain error, *see United States v. Del Toro-Barboza*, 673 F.3d 1136, 1152 (9th Cir. 2012), and we agree with the government. The rule is settled that "[a] prosecutor must not ask defendants during cross-examination to comment on the truthfulness of other witnesses." *United States v. Alcantara-Castillo*, 788 F.3d 1186, 1191 (9th Cir. 2015). But here, even if the government impermissibly did so, Glazer cannot show prejudice because the portions of testimony on which Glazer was asked to comment were not likely to bear significantly on Glazer's credibility, and the evidence of Glazer's guilt was strong. *See, e.g., United States v. Ramirez*, 537 F.3d 1075, 1086 (9th Cir. 2008).

2. Glazer next contends that the district court's method of selecting alternate jurors was reversible error. We disagree. It is undisputed that the district court's method of selecting alternate jurors did not comport with Fed. R. Crim. P. 24(c),

2

which requires that an alternate juror have the same qualifications and be selected and sworn in the same manner as any other juror. Here an error occurred because the alternate jurors were designated separately at the start of deliberations. We conclude, however, that the error did not affect Glazer's substantial rights, as required on plain error review, *see United States v. Lindsey*, 634 F.3d 541, 551 (9th Cir. 2011), because the alternates did not participate in jury deliberations.

3. Glazer's contention that the district court's questions and comments during trial projected to the jury a prejudicial appearance of partiality also fails. We review claims of judicial misconduct in supervising trials for abuse of discretion. *United States v. Morgan*, 376 F.3d 1002, 1006–07 (9th Cir. 2004). Judicial questioning of witnesses can "cross the line and affect the judge's role as an impartial participant in the trial process." *United States v. Lopez-Martinez*, 543 F.3d 509, 513 (9th Cir. 2008). Here, however, the district court did not abuse its discretion given its "undeniable authority to examine witnesses and call the jury's attention to important evidence." *United States v. Scott*, 642 F.3d 791, 799 (9th Cir. 2011) (per curiam).[1]

4. Glazer next contends that the district court abused its discretion or plainly erred in several of its evidentiary rulings. We disagree. The district court did not

---

[1] Glazer also contends that if we remand the case, it should be reassigned to a different judge. We do not address this claim because remand is unwarranted.

abuse its discretion by excluding evidence of "legitimate" medical services outside of the counts in the indictment, because "[a] defendant cannot establish his innocence of crime by showing that he did not commit similar crimes on other occasions." *Herzog v. United States*, 226 F.2d 561, 565 (9th Cir. 1955). The court did not abuse its discretion by barring Glazer from using his notes to testify instead of the patient files, because the court could have concluded that Glazer intended to testify directly from a writing rather than refresh his recollection. *See* Fed. R. Evid. 612 advisory committee's note to proposed rules. The court also did not err by admitting the "education" letter under a notice theory, *see* Fed. R. Evid. 801(c)(2), or the testimonies of the two investigators and Agent Li, because it is not clear that the court's gatekeeper *Daubert* role was triggered, *see United States v. Hankey*, 203 F.3d 1160, 1169 (9th Cir. 2000), and any issue with "dual role" testimony was harmless. *United States v. Torralba-Mendia*, 784 F.3d 652, 660 (9th Cir. 2015). The court did not abuse its discretion by excluding the Medicare regulation for impeachment purposes because it could have been considered extrinsic evidence of a collateral matter. *See Ortiz v. Yates*, 704 F.3d 1026, 1038 (9th Cir. 2012). Finally, the court did not err by admitting Agent Li's testimony that she did not find "indicators" of traced signatures because jurors may consider and weigh handwriting evidence without an expert opinion. *United States v. Meredith*, 685 F.3d 814, 824 (9th Cir. 2012).

4

5. With regard to Glazer's sentence, the district court did not clearly err in applying a four-level adjustment under U.S.S.G. § 3B1.1(a) for being "an organizer or leader of a criminal activity that involved five or more participants or was otherwise extensive." We review this factual finding for clear error. A finding is clearly erroneous only if it is "illogical, implausible, or without support in inferences that may be drawn from the record." *United States v. Hinkson*, 585 F.3d 1247, 1262 (9th Cir. 2009) (en banc). The court opined: "To say that this man was not the shot caller of a medical office . . . is almost absurd in context." Though Glazer argues that his office manager, Avetisyan, was in charge and Glazer just "did the medicine," in this context "doing the medicine" meant controlling the tests and services that ended up being fraudulently submitted to Medicare. The court's finding that Glazer was an organizer of the fraud scheme was not clearly erroneous.

**AFFIRMED.**[2]

---

[2] Glazer also joins co-defendant Marina Merino's claims of constructive amendment of the indictment, fatal variance between the indictment and trial evidence, and improper jury instructions. Those claims are without merit as to Glazer. First, there was no constructive amendment or fatal variance because Glazer fails to establish that the government relied on evidence of kickbacks in presenting its case against Glazer, as opposed to Merino. Second, Glazer's challenge to the "deliberate ignorance" instruction is unpersuasive because there was an adequate basis for the jury to conclude Glazer had actual knowledge of the fraudulent claims or else took deliberate steps to avoid obtaining such knowledge. *See United States v. Heredia*, 483 F.3d 913, 918 (9th Cir. 2007) (en banc). Third, any error in the intent to defraud instruction was harmless because a jury could

have determined that Glazer intended to deceive *and* cheat Medicare. *See United States v. Miller*, 953 F.3d 1095, 1101, 1103 (9th Cir. 2020). Fourth, the district court's *Pinkerton* instruction was not erroneous. Finally, the district court's willfulness instruction was not erroneous because Glazer's case does not present one of the narrow class of cases governed by *Bryan v. United States*, 524 U.S. 184 (1998).